IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARGARET KATHLEEN TURNER,

    Plaintiff,

v.

THE BRACHFELD LAW GROUP, P.C.,
A California professional corporation,

    Defendant.

CIVIL ACTION FILE

NO. 1:10-cv-1498 CAP

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related issues of state law.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant, THE BRACHFELD LAW GROUP, P.C., is a corporation organized under the laws of the State of California. [Hereinafter, said Defendant is referred to as "BLG"].

6. BLG transacts business in this state.

7. BLG's transactions in this state give rise to the Plaintiff's cause of action.

8. BLG is subject to the jurisdiction and venue of this Court.

9. BLG may be served by personal service upon its registered agent in the State of California, to wit: Erica Brachfeld, 20300 S. Vermont Avenue, Suite 120, Torrance, California 90502.

10. Alternatively, BLG may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or California.

## FACTS COMMON TO ALL CAUSES

11. BLG uses the mails in its business.

12. BLG uses telephone communications in its business.

13. The principle purpose of BLG's business is the collection of debts.

14. BLG regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. BLG is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, BLG communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. In or around July and August 2009, BLG left a series of telephone messages for Plaintiff requesting a return call.

18. In the messages, BLG did not meaningfully disclose its identity.

19. In the messages, BLG did not state that the communications were from a debt collector.

20. In the messages, BLG did not state that the communications were an attempt to collect a debt.

21. Defendant's communication violates the Fair Debt Collection Practices Act.

22. Defendant's communication violates California's Rosenthal Fair Debt Collection Practices Act.

23. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

25. Defendant's violations of the FDCPA include, but are not limited to, the following:

26. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

27. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

28. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

29. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE SECTIONS 1788 ET SEQ.

30. The defendant's actions constitute violations of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to:

31. Failure to comply with all of the provisions of Sections 1692b to 1692j of the Federal Fair Debt Collection Practices Act, in violation of California Civil Code § 1788.17;

32. As a result of the defendant's actions, the plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory and actual damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

/S/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax